# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |  |
|---|---|---|
| DALE REED, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:19-CV-1211 CDP |
| BILL BOWYER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dale Reed, an inmate at the Farmington Correctional Center ("FCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $9.48. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $47.41. The Court will therefore assess an initial partial filing fee of $9.48, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts

2

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

On May 3, 2019, six prisoners confined at the FCC, including plaintiff herein, filed a lawsuit pursuant to 42 U.S.C. § 1983, naming 7 defendants. *See Faircloth v. Bowyer*, 4:19-CV-1188-RLW, ECF No. 1 (E.D. Mo. May 3, 2019). They each filed separate motions for leave to proceed *in forma pauperis*. Because the Court does not allow prisoners to join together and proceed *in forma pauperis* in a single lawsuit, the Court severed the plaintiffs and opened new cases for each one, using the complaint filed in the originating action. *See* ECF No. 2.

## The Complaint

The complaint alleges that the constitutional rights of the six prisoners are being violated because, in a particular dining area, they are being subjected to unsanitary conditions that threaten their health. More specifically, the complaint alleges the presence of black mold, insect infestation, the lack of proper cleaning chemicals, and improper sanitization practices. It also alleges that each named defendant is responsible for the dining area and/or the facility as a whole, and is responsible for the welfare of all inmates. Attached to the complaint are various declarations and grievance filings from many of the six prisoners. Plaintiff, for example, has attached a grievance stating that he has been subjected to inhumane conditions because he has been working around black mold and roaches in A-dining.

**Discussion**

This action is subject to dismissal. First, the complaint asserts claims on behalf of people other than plaintiff. While federal law authorizes plaintiff to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, he lacks standing to bring claims on behalf of others. Instead, plaintiff is required to allege facts showing how he personally was subjected to conditions that posed a substantial risk of serious harm to his health or safety, and/or facts showing a deliberate indifference to his serious medical condition, and explain how he was harmed. Additionally, plaintiff does not allege, nor is it apparent, that he is a licensed attorney. Only a licensed attorney may represent another person's interests in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another person in federal court).

Finally, the complaint fails to adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

The Court will give plaintiff the opportunity to file an amended complaint to set forth his own claims for relief. Plaintiff is advised that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir.

2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.48 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a blank copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within **thirty (30) days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 18th day of July, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE